**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| GLENN PETER, KEVINA MITCHELL, ANGELA SANCHEZ, CLAYTON NEEL, and SAVIOUR BANDA on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| PRIORITY DISPATCH, INC. | ) ) ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.: 1:22-cv-606

JUDGE:

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.     This is an action brought on behalf of individuals who are current and former delivery drivers of Defendant Priority Dispatch, Inc. ("Priority" or "Defendant"), challenging the unlawful misclassification of them as independent contractors instead of employees.  Priority contracts with various companies to perform their "last mile" delivery of e-commerce products, pharmaceuticals, and other medical products across the United States. Priority controls, supervises, and directs the manner in which its delivery drivers perform these services.  The drivers' last mile delivery services are integral and central to Priority's delivery business.  Moreover, the delivery drivers are economically dependent on Priority to assign deliveries and drivers do not operate independently established delivery businesses.

1

2.     The above-named Plaintiffs assert claims under the Illinois and Michigan wage laws, the federal Fair Labor Standards Act ("FLSA"), and the Ohio Constitution on behalf of themselves and all others similarly situated who have performed pharmaceutical and medical product deliveries for Defendant and who were misclassified as independent contractors instead of employee, seeking remedies for statutory violations resulting from this misclassification.

3.     Plaintiffs Glenn Peter and Kevina Mitchell seek to represent a class of all delivery drivers who performed work for Priority in Illinois within the past 10 years.

4.     Plaintiff Angela Sanchez seeks to represent a class of all delivery drivers who performed work for Priority in Michigan within the past 3 years.

5.     Plaintiffs Clayton Neel and Saviour Banda seek to represent a class of all delivery drivers who performed work for Priority in Ohio within the past two years.

## PARTIES

6.     Plaintiff Glenn Peter is an adult resident of Hanover Park, Illinois.   From approximately August 2019 to May 2020, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of Priority in Illinois.   During the relevant time, he was Defendant's employee as that term is defined in the Illinois wage laws and the FLSA. Plaintiff Glenn Peter's Notice of Consent is attached as **Exhibit 1.**

7.     Plaintiff Kevina Mitchell is an adult resident of Chicago, Illinois.   From approximately July 2019 to November 2019, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of Priority in Illinois.   During the relevant time, she was Defendant's employee as that term is defined in the Illinois wage laws and the FLSA. Plaintiff Kevina Miller's Notice of Consent is attached as **Exhibit 2.**

2

8.     Plaintiff Angela Sanchez is an adult resident of Grand Rapids, Michigan.  From approximately 2017 to 2019, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of Priority in Michigan.    During the relevant time, she was Defendant's employee as that term is defined in the Michigan wage laws and the FLSA. Plaintiff Angela Sanchez' Notice of Consent is attached as **Exhibit 3.**

9.     Plaintiff Clayton Neel is an adult resident of Cincinnati, Ohio.  From approximately January 2019 to March 2021, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of Priority in Ohio.   During the relevant time, he was Defendant's employee as that term is defined under Ohio law and the FLSA. Plaintiff Clayton Neel's Notice of Consent is attached as **Exhibit 4.**

10.     Plaintiff Saviour Banda is an adult resident of Cleveland, Ohio.   From approximately June 2015 to November 2021, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of Priority in Ohio.   During the relevant time, he was Defendant's employee as that term is defined under Ohio law and the FLSA. Plaintiff Saviour Banda's Notice of Consent is attached as **Exhibit 5.**

11.     Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals in the states in which Priority Dispatch, Inc. operates (excluding states in which there is already an action pending asserting these same wage claims), as well as on behalf of a proposed Rule 23 classes of Priority pharmaceutical and medical product delivery drivers in Illinois, Michigan, and Ohio.

12.     Defendant Priority Dispatch, Inc. is a corporate entity, organized in Ohio, with its headquarters (principal place of business) in Blue Ash, Ohio.  Defendant Priority Dispatch, Inc. conducts its delivery business throughout the Midwestern United States. Its registered agent, Taft

Service Solutions Corp., may be served at the following address: 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

13.     Priority states that "[s]ince 1973, Priority Dispatch has prided itself on delivery excellence, and has become one of the Midwest's leading providers of same-day, next-day and specialized healthcare delivery services."

14.     Priority is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and Priority is an "employer" as that term is defined in the FLSA.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

16.     The Court also has jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and the state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because Defendant resides in this District, a substantial part of the events giving rise to this action occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

## FACTS

18.     Priority is a company incorporated in Ohio with its principal place of business in Ohio.

19.     Priority performs "final mile" or "last mile" delivery services of e-commerce products, medical products, and financial documents throughout the Midwestern United States.

20.     Priority advertises its services on its website as follows: "Priority Dispatch delivers to all points across the Midwest.  With distribution offices located in strategic locations, we have the ability to respond quickly to your transportation and logistic requirements.  Whatever your

shipping needs, wherever you need to move goods, Priority Dispatch provides the people and vehicles to keep your company on the move!"

21.     In order to provide these services, Priority employs hundreds of delivery drivers like Plaintiffs and class members.

22.     Priority has uniformly misclassified these delivery drivers as non-employee "independent contractors."

23.     Under the federal Fair Labor Standards Act, and under Illinois, Michigan, and Ohio law, Priority's delivery drivers are in fact employees as a matter of law.

24.     For example, although the agreements with the drivers state that drivers are not employees of the Defendant, the economic reality of the arrangement is that drivers are actually employees of the Defendant.

25.     The work of Plaintiffs and other delivery drivers falls squarely within Priority's usual course of business.  Indeed, Plaintiffs and other delivery drivers are central to Priority's core business as a delivery company that provides delivery services.

26.     Plaintiffs and other delivery drivers are not engaged in independently established trades, occupations, professions, or businesses.  Rather, delivery drivers rely upon Priority to obtain delivery customers and assign deliveries.

27.     Priority also controls the work performed by Plaintiffs and other delivery drivers by assigning the deliveries, scheduling the deliveries, monitoring their work and maintaining detailed records of each delivery performed, determining the delivery drivers' rate of pay, and retaining the authority to terminate any delivery drivers whose work is unsatisfactory.

28.     Priority pays Plaintiffs and other delivery drivers a flat amount per route, per mile, or per delivery stop.  All of these rates are unilaterally determined by Priority.

29.     Priority deducts various amounts from the delivery drivers' weekly pay for purposes such as administrative fees and insurance costs.

30.     By misclassifying delivery drivers as independent contractors, Priority requires the drivers to bear the costs of performing delivery services, including, but not limited to, gasoline, tolls, vehicle maintenance and depreciation (as drivers were required to use their own vehicles), and insurance.

31.     Priority did not reimburse Plaintiffs and other delivery drivers for incurring necessary expenditures or losses within the scope of their employment for Priority.

32.     Plaintiffs and other delivery drivers typically work more than eight (8) hours per day from the time they arrive at the Defendant's clients' facilities until their route(s) servicing Defendant's customers is complete. Upon information and belief, drivers often work twelve (12) or more hours from the time they arrive at the Defendant's facilities until their route is complete.

33.     Plaintiffs and other delivery drivers work more than forty hours per week because they routinely work shifts of 8 hours or more per day, 5 to 7 days per week.

34.     For example, Plaintiff Glenn worked as many as 12 hours per day, approximately 5 day per week.

35.     Plaintiff Mitchell worked approximately 10 hours per day, approximately 6 days per week. Plaintiff Sanchez worked approximately 8 hour per day, 7 days per week.

36.     Plaintiff Neel worked between 40 to 50 hours per week on average over the course of approximately 5 days.

37.     Plaintiff Banda worked sometimes seven (7) days per week, more than eight (8) hours per day.

38.     Plaintiffs and other delivery drivers frequently are not paid for all hours worked at

an hourly rate at or in excess of the minimum wage rates established by the FLSA and the laws of the various states in which they worked. For most drivers, in many or all weeks, the drivers' substantial out-of-pocket, work-related expenses brings their compensation below the statutory minimum wage.

39.     Defendant's misclassification of its delivery drivers as independent contractors and the additional violations described above were willful and undertaken in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals in the United States (excluding states in which there is already an action pending asserting these same wage claims).

41.     All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendant did not pay drivers at least the minimum wage for all hours worked and did not provide any overtime premium when delivery drivers worked more than forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### A.  THE ILLINOIS RULE 23 CLASS

42.     Plaintiffs Peter and Mitchell bring this action on behalf of themselves and other individuals who performed pharmaceutical and medical product deliveries in Illinois for Defendant or any of its related or predecessor companies in Illinois within the past ten years.

43.     Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a)  The class includes over 50 individuals, all of whom are readily ascertainable based on

Defendant's records and are so numerous that joinder of all class members is impracticable.

(b)     Plaintiffs are class members, their claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

(c)     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

(d)     Questions of law and fact are common to all class members, because this action concerns Defendant's common business policies and practices, as summarized herein.  The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## B.  THE MICHIGAN RULE 23 CLASS

44.     Plaintiff Sanchez brings this action on behalf of herself and other individuals who performed pharmaceutical and medical product deliveries in Michigan for Defendant or any of its related or predecessor companies in Michigan within the past 3 years.

45.     Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.  In particular:

(a)  The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b)     Plaintiff is a class member, her claims are typical of the claims of other class

members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

(c)     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

(d)     Questions of law and fact are common to all class members, because this action concerns Defendant's common business policies and practices, as summarized herein.  The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### C.  THE OHIO RULE 23 CLASS

46.     Plaintiffs Neel and Banda bring this action on behalf of themselves and other individuals who performed pharmaceutical and medical product deliveries in Ohio for Defendant or any of its related or predecessor companies in Ohio within the past three years pursuant to the Ohio Constitution, Article II, Section 34a ("Section 34a").

47.     Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.  In particular:

(a)  The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b)     Plaintiffs are class members, their claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of

9

other class members.

(c)     Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

(d)     Questions of law and fact are common to all class members, because this action concerns Defendant's common business policies and practices, as summarized herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### Illinois Wage Payment and Collection Act – Unlawful Deductions
### (Illinois Class)

48.     All previous paragraphs are incorporated as though fully set forth herein.

49.     At all relevant times, Plaintiffs Peter and Mitchell and the proposed class members were "employees" of Priority as defined by the IWPCA.

50.     At all relevant times, Priority was an employer of Plaintiffs and the proposed class as defined by the IWPCA.

51.     The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making deductions from employees' wages.

52.     Priority violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs and the proposed class members' wages.

10

53.     Jarnagin violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Priority to make unlawful deductions from Plaintiffs' and the proposed class members' wages.

54.     Plaintiffs and the proposed class seek all reimbursement for all unlawful deductions taken by Priority from their wages.

### COUNT II
**Illinois Wage Payment and Collection Act – Expense Reimbursement Claims**
**(Illinois Class)**

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     The Defendant violated the 820 ILCS 115/9.5(a) by failing to reimburse the Plaintiffs Peter and Mitchell and the Illinois class of delivery drivers for all necessary employment expenses.  See 820 ILCS 115/9.5(a) ("[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer.").

### COUNT III
**Illinois Minimum Wage Law Violations**
**(Illinois Class)**

57.     All previous paragraphs are incorporated as though fully set forth herein.

58.     By failing to pay Plaintiffs and other delivery drivers at least the Illinois state minimum wage for all hours worked, Defendant has violated 820 ILCS 105/4a(1).

### COUNT IV
**Illinois Overtime Law Violations**
**(Illinois Class)**

59.     All previous paragraphs are incorporated as though fully set forth herein.

60.     By failing to pay Plaintiffs and other delivery drivers at least the Illinois state minimum wage for all hours worked, Defendant has violated 820 ILCS 105/4a(1).

### COUNT V

11

**Michigan's Payment of Wages and Fringe Benefits Act – Unlawful Deductions**

**(Michigan Class)**

61.　　All previous paragraphs are incorporated as though fully set forth herein.

62.　　The Defendant violated the Mich. Comp. Laws § 408.477 by making unlawful

deductions from Plaintiff Sanchez's and other delivery drivers' pay in violation of Michigan law.

**COUNT VI**
**Michigan Minimum Wage Law Violations**
**(Michigan Class)**

63.　　All previous paragraphs are incorporated as though fully set forth herein.

64.　　By failing to pay Plaintiff and other delivery drivers at least the Michigan state

minimum wage for all hours worked, Defendant has violated Mich. Comp. Laws § 408.414.

**COUNT VII**
**Michigan Overtime Law Violations**
**(Michigan Class)**

65.　　All previous paragraphs are incorporated as though fully set forth herein.

66.　　By failing to pay Plaintiff and other delivery drivers at least the Michigan state

minimum wage for all hours worked, Defendant has violated Mich. Comp. Laws § 408.414a.

**COUNT VIII**
**Ohio Constitutional Law Violations – Failure to Pay Minimum Wage**
**(Ohio Class)**

67.　　All previous paragraphs are incorporated as though fully set forth herein.

68.　　By failing to pay Plaintiffs Neel and Banda and other delivery drivers at least the

Ohio state minimum wage for all hours worked, Defendant has violated the rights guaranteed by

Ohio's Constitution, Article II, Section 34a ("Section 34a") and as implemented in the Ohio

Wage Act, Ohio Rev. Code Ann. § 4111.14, et seq.

**COUNT IX**
**Ohio Prompt Pay Act Violations – Failure to Pay all Wages Owed**
**(Ohio Class)**

69.　　All previous paragraphs are incorporated as though fully set forth herein.

70.     By failing to pay Plaintiffs and other delivery drivers all wages owed within thirty (30 ) days of the work performed and making unauthorized deductions from wages, Defendant has violated the Ohio Prompt Pay Act ("OPPA") O.R.C. § 4113.15.

**COUNT X**
**Ohio Overtime Violations – Failure to Pay Overtime**
**(Ohio Class)**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     By failing to pay Plaintiffs and other delivery drivers at least the Ohio state minimum wage for all hours worked and at least 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant has violated the Ohio Wage Act, Ohio Rev. Code Ann. § 4111.03(A).

**COUNT XI**
**FAIR LABOR STANDARDS ACT–FAILURE TO PAY MINIMUM WAGES**
**INDIVIDUAL AND COLLECTIVE ACTION**

73.     All previous paragraphs are incorporated as though fully set forth herein.

74.     Defendant's willful conduct in failing to ensure that its delivery drivers across the country, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**COUNT X**
**FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME WAGES**
**INDIVIDUAL AND COLLECTIVE ACTION**

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     Defendant failed to pay Plaintiffs and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty

hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

77.     The failure of Defendant to compensate Plaintiffs and the members of the putative

collective for overtime work as required by the FLSA was knowing, willful, intentional, and done

in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

a.      An Order granting Rule 23 certification of this case for the Illinois, Michigan, and
        Ohio classes;

b.      An order granting certification of this case as an FLSA collective action, and
        permitting notice to be sent to potential Opt-in Plaintiffs;

c.      An award of damages for all unpaid wages, expenditures, costs, deductions,
        benefits, or other losses resulting from Defendant's misclassification, as described
        above;

d.      Statutory liquidated damages;

e.      Attorneys' fees and costs; and

f.      Such other legal and equitable relief as the Court deems just and proper.


DATED OCTOBER 19, 2022              GLENN PETER, KEVINA MITCHELL,
                                    ANGELA SANCHEZ, CLAYTON NEEL,
                                    and SAVIOUR BANDA,

                                    on behalf of themselves and all
                                    others similarly situated,

                                    By their Attorneys,

                                    /s/ *Robert E. DeRose*
                                    Robert E. DeRose (OH Bar No. 0055214)
                                    **BARKAN MEIZLISH DEROSE COX, LLP**
                                    4200 Regent Street, Suite 210
                                    Columbus, OH 43219
                                    Phone: (614) 221-4221
                                    Facsimile: (614) 744-2300
                                    bderose@barkanmeizlish.com

Harold L. Lichten, (*pro hac vice anticipated*)
Matthew W. Thomson, (*pro hac vice anticipated*)
Zachary L. Rubin, (*pro hac vice anticipated*)
**LICHTEN & LISS-RIORDAN, P.C**.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com
zrubin@llrlaw.com

W. Jeffrey Vollmer (*pro hac vice anticipated*)
**GOODWIN & GOODWIN, LLP**
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
wjv@goodwingoodwin.com